■ ARLENE DE STEFANO, Respondent, et al., Plaintiff, v BENJAMIN J. IMMERMAN, Appellant.—In an action to recover damages for medical malpractice, etc., the defendant appeals from (1) an order of the Supreme Court, Queens County (Di Tucci, J.), dated June 28, 1990, which denied his motion, inter alia, to set aside a jury verdict in its entirety, or, in the

alternative, to reduce the award of damages, and (2) a judgment of the same court, dated July 11, 1990, which, upon a jury verdict, is in favor of the plaintiff Arlene De Stefano and against him in the principal sum of $200,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff Arlene De Stefano of a copy of this decision and order, with notice of entry, the plaintiff Arlene De Stefano shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages from the principal sum of $200,000 to the principal sum of $25,000 and to the entry of an amended judgment in the principal sum of $25,000 accordingly; in the event the plaintiff Arlene De Stefano so stipulates, then the judgment, as so reduced and amended, is affirmed, without cost or disbursements. The findings of fact as to liability are affirmed.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248).

"The requisite elements of proof in a medical malpractice case are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage" (Amsler v Verrilli, 119 AD2d 786). Contrary to the defendant's contentions, we find that the verdict finding liability was supported by the evidence presented to the jury.

However, the verdict was excessive to the extent indicated. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.