(March 17, 1997)

■ JOANNA BARRACCA, Appellant, v ST. FRANCIS HOSPITAL, Defendant, and EDWARD T. DAVISON et al., Respondents. [655 NYS2d 565] —In a medical malpractice action, *inter alia*, to recover damages for wrongful death, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated November 8, 1995, which, upon a jury verdict in favor of the defendants Edward T. Davison and Sylvia Berg, in effect, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the law and as a matter of discretion, the complaint is reinstated, and a new trial is granted against the defendants Edward T. Davison and Sylvia Berg, with costs to abide the event.

The requisite elements of proof in a medical malpractice case are a departure from accepted practice and evidence that such departure was a proximate cause of the injury (*see, e.g., De Stefano v Immerman*, 188 AD2d 448; *see also*, PJI 2:150 [1997 Supp]). The court, *sua sponte* and over the plaintiff's objection, devised an interrogatory in which the jury was asked to determine whether the death of the plaintiff's intestate was "due to circumstances beyond the control" of Doctors Edward T. Davison and Morris H. Berg. By answering this interrogatory in the affirmative, the jury was foreclosed from considering the interrogatories which followed, regarding departure from accepted practice and proximate cause. This constituted reversible error (*see generally, Swoboda v We Try Harder*, 128 AD2d 862).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit.

Contrary to the contention of the defendant Edward T. Davison, there were issues of fact which required resolution by the jury, and therefore, his motion pursuant to CPLR 4401 was properly denied. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.