■ JAMES GIBIDES, Individually and as Administrator of the Estate of CHARI GIBIDES, Deceased, Appellant, v DOUGLAS N. POWELL et al., Respondents. [682 NYS2d 771] —Order reversed on the law without costs, motion denied and complaint reinstated. Memorandum: On August 31, 1990, plaintiff's decedent at the age of 28 suffered a heart attack during the sixth month of pregnancy with her first child. Eleven days earlier, she had been seen by defendant Douglas N. Powell, M.D. for complaints of pain and tingling in her arms and shoulders that he attrib-

uted to carpal tunnel syndrome. In January 1991 she consulted a lawyer to discuss a malpractice action based upon the allegation that Dr. Powell had misdiagnosed her symptoms. On May 16, 1991, she suffered a second heart attack and died. In October 1991 plaintiff commenced this wrongful death and medical malpractice action alleging that Dr. Powell's failure to take a complete medical history from decedent resulted in the misdiagnosis of carpal tunnel syndrome, the lack of treatment for coronary heart disease, and ultimately decedent's heart attacks and death.

Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff presented sufficient proof in admissible form to raise a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325). In support of the motion, Dr. Powell submitted an affidavit wherein he stated that, at the August 20, 1990 office visit, decedent complained only of pain in her wrists and did not complain of any symptoms of coronary disease. His records of August 20, 1990 contain a diagnosis of carpal tunnel syndrome but do not note any specific complaints upon which that diagnosis was based.

In opposition to the motion, plaintiff submitted affidavits of decedent's co-workers who stated that, two weeks prior to her first heart attack, decedent had complained of chest pains, tingling in her arms and across her shoulders, shortness of breath and tightness in her chest. Those witnesses also observed that, during that time period, decedent appeared pale, was short of breath and was forced to sit down frequently. A jury could infer therefrom that a person experiencing those symptoms would have told her doctor about them when she saw him on August 20, 1990. Plaintiff also submitted the affidavit of an expert who opined that the failure to note decedent's symptoms indicates that Dr. Powell did not take an adequate history. The "failure to elicit all information pertinent to treatment", if proven, constitutes medical malpractice (*Bleiler v Bodnar,* 65 NY2d 65, 72). Finally, plaintiff's expert opined that the failure to take an adequate history and to refer decedent for appropriate care was a proximate cause of her death (*see, De Stefano v Immerman,* 188 AD2d 448, 449).

All concur except Wisner and Fallon, JJ., who dissent and vote to affirm in the following Memorandum.

Wisner and Fallon, JJ. (dissenting). We respectfully dissent. Defendant Douglas N. Powell, M.D. is an obstetrician who saw plaintiff's decedent for a routine visit during the course of her

pregnancy. There is no proof that decedent was experiencing symptoms of heart disease when she saw him or that she made such complaints to him. Although there is proof that two weeks earlier decedent made such complaints to a co-worker, decedent told treating physicians when she had her heart attack that the symptoms began only two days earlier.

In an affidavit in support of his motion, Dr. Powell stated that the only complaint of decedent was discomfort in her wrists, which decedent attributed to carpal tunnel syndrome. In opposition, plaintiff presented no proof in admissible form rebutting that statement. Although Dr. Powell did not record decedent's complaints in the medical record, the absence of a record does not prove that a history was not taken (*see, Krapivka v Maimonides Med. Ctr.*, 119 AD2d 801, 802-803). Plaintiff's expert avers that it is a departure from accepted medical practice to make a diagnosis of carpal tunnel syndrome without recording decedent's complaint. Plaintiff, however, has not shown that anyone relied upon Dr. Powell's records to decedent's detriment (*see, De Stefano v Immerman*, 188 AD2d 448; *Amsler v Verrilli*, 119 AD2d 786). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Denman, P. J., Wisner, Pigott, Jr., Callahan and Fallon, JJ.