■ In the Matter of the Claim of DOMINICK L. TYNER, Respondent. MARKET DISTRIBUTION SPECIALISTS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [685 NYS2d 813] —Appeals

---

from two decisions of the Unemployment Insurance Appeal Board, filed February 18, 1997, which, *inter alia*, ruled that Market Distribution Specialists, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

There is substantial evidence in the record to support the Unemployment Insurance Appeal Board's conclusion that Market Distribution Specialists, Inc., a telephone directory distributor, exercised sufficient control over the services performed by claimant and others similarly situated as delivery persons to establish their status as employees (*see, Matter of Campano [Distribution Sys.—Hudacs]*, 201 AD2d 781). Among other factors, the company, which advertised for delivery persons, established the timing and deadlines for deliveries, handled complaints and used full-time staff to make regular spot checks to verify not only completion of deliveries but also that deliveries were made in accordance with the company's instructions and requirements. In the event deliveries were found to be unsatisfactory, delivery persons were required by the company to go back and rectify the errors. They were also required to notify the company upon completion of a delivery and claimant was informed that he would be terminated if he did not perform deliveries according to the company's specifications. Claimant testified that he was not in business for himself and, prior to starting his duties, was shown a 20-minute training film giving detailed instructions on the manner and method of delivery (*cf., Matter of Werner [CBA Indus.—Hudacs]*, 210 AD2d 526, 528, *lv denied* 86 NY2d 702). Since this and other evidence could support a conclusion that the company exercised more than *incidental* control over the means used and results achieved by the delivery persons (*see, Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726), we find no reason to disturb the Board's decisions even if there is proof that would support a different conclusion (*see, Matter of Ramirez [Gottlieb Jewelry—Commissioner of Labor]*, 256 AD2d 705). The company's remaining arguments have been examined and found to be unpersuasive.

Cardona, P. J., Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that decisions are affirmed, without costs.