■ MARY A. SALVA, Individually and as Executor of EDWARD A. SALVA, Deceased, Respondent, v ROBERT A. BLUM et al., Defendants, and YAMANOUCHI, U.K., LTD., et al., Appellants. [716 NYS2d 527] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this personal injury and wrongful death action, alleging the liability of multiple defendants arising out of the enrollment of plaintiff's decedent in a clinical drug trial and decedent's allegedly fatal ingestion of the drug. As against Yamanouchi, U.K., Ltd. and Yamanouchi, U.S.A., Inc. (defendants), plaintiff alleges negligence and strict products liability for defective manufacture, distribution, testing, and marketing of the drug, breach of express and implied warranties, failure to warn, and lack of informed consent. Defendants appeal from an order denying their motion for summary judgment dismissing the complaint against them or, in the alternative, for an order precluding plaintiff from Presenting expert testimony as a consequence of her failure to reveal the identity of her medical expert.

Supreme Court erred in denying that part of defendants' motion seeking summary judgment dismissing the seventh cause of action alleging lack of informed consent. Lack of informed consent is not a theory of liability upon which an injured person may sue the manufacturer of a defective product (*see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106; *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 400). Defendants are not medical practitioners, nor was decedent their patient within the meaning of Public Health Law § 2805-d (1), which governs claims of lack of informed consent. The court properly denied the balance of defendants' motion. The affirmation of plaintiff's

expert contradicts the expert opinions offered by defendants and thus raises a triable issue of fact whether the drug caused or contributed to decedent's death (*see, Bastin v Soldiers & Sailors Hosp.,* 258 AD2d 922; *Gibides v Powell,* 256 AD2d 1091, 1092). The conflicting expert opinions Present credibility issues that cannot be resolved on a motion for summary judgment (*see; Cranker v Infantino,* 229 AD2d 908, 908-909; *Scahall v Unigard Ins. Co.,* 222 AD2d 1070, 1071).

Given the lack of viability of the cause of action for lack of informed consent against defendants, plaintiff has no basis for withholding the identity of her medical expert from them based on the exception to the disclosure requirement (*see,* CPLR 3101 [d] [1] [i]; *Travis v Wormer* [appeal No. 1], 136 AD2d 933; *see also, Rivera v City of New York,* 150 Misc 2d 566, 569). We therefore modify the order by granting the motion of defendants in part and dismissing the seventh cause of action against them and, further, by compelling plaintiff to divulge the identity of her medical expert to only those defendants (*see,* CPLR 2103 [e]), which may not in turn disclose the information to the remaining defendants. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.