(January 26, 2004)

■ GERALD ABRAMS, et al., Respondents, v VICTOR HO, Appellant, et al., Defendants. [770 NYS2d 638]—

In an action to recover damages for medical malpractice, etc., the defendant Victor Ho appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Mega, J.), entered October 11, 2002, as, upon a jury verdict finding that the plaintiff Gerald Abrams sustained damages in the principal sums of $570,000 for past pain and suffering and $1,950,000 for future pain and suffering, and that the plaintiff Michelle Abrams sustained damages in the sum of $275,000 for loss of services, and upon the granting of his motion pursuant to CPLR 4404 (a) to the extent of reducing the awards for past pain and suffering from $570,000 to $350,000, for future pain and suffering from $1,950,000 to $750,000, and for loss of services from $275,000 to $25,000, and the denying of those branches of his motion which were to set aside the verdict as legally insufficient and to dismiss the complaint insofar as asserted against him, is in favor of the plaintiffs and against him.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were to set aside the verdict as legally insufficient and to dismiss the complaint insofar as asserted against the defendant Victor Ho are granted.

It is well settled that the requisite elements of proof in a medical malpractice case are a departure from accepted practice and evidence that such departure was a proximate cause of the injury (*see Biggs v Mary Immaculate Hosp.*, 303 AD2d 702 [2003]; *Roseingrave v Massapequa Gen. Hosp.*, 298 AD2d 377 [2002]; *Barracca v St. Francis Hosp.*, 237 AD2d 396 [1997]). It is the plaintiff's "burden to show that the defendants' conduct was a substantial causative factor in the sequence of events that led to [the plaintiff's] injury" (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520 [1980]; *see Marren v State of New York*, 142 AD2d 717 [1988]). The test is whether, viewing the evidence in the light most favorable to the plaintiff and affording him the benefit of every favorable inference, there was any rational basis on which the jury could have found for the plaintiff (*see Biggs v Mary Immaculate Hosp., supra* at 703).

Viewing the evidence in the light most favorable to the plaintiffs and affording them the benefit of every favorable inference, we find that the plaintiffs did not establish a prima facie case against the defendant Dr. Victor Ho. Assuming that the jury accepted the plaintiffs' evidence that Dr. Ho's treatment of the plaintiff Gerald Abram departed from good and accepted standards of medical practice, there was no rational basis on which the jury could have found for the plaintiffs on the issue of

proximate cause (*see Biggs v Mary Immaculate Hosp., supra*). Accordingly, the Supreme Court should have granted those branches of Dr. Ho's motion which were to set aside the verdict as legally insufficient and to dismiss the complaint insofar as asserted against him. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.