■ JOSEPHINE MORRIS, Respondent, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., et al., Appellants, et al., Defendant. [840 NYS2d 426]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Queens-Long Island Medical Group, P.C., and Neelima Phatak appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), entered January 24, 2006, as denied that branch of their motion which was to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Queens-Long Island Medical Group, P.C., and Neelima Phatak which was to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (7) is granted.

A plaintiff in a medical malpractice action is required only to show that the defendant deviated from the standard of medical care and that said deviation was a substantial factor in bringing about the injuries the plaintiff is alleged to have sustained (*see e.g. Abrams v Ho*, 3 AD3d 544 [2004]; *De Stefano v Immerman*, 188 AD2d 448 [1992]; *see also* PJI 2:150 [2006 Supp]). Here, the plaintiff failed to demonstrate that a "capitation" negligence cause of action, alleging that the appellants did not provide the requisite level of medical care because their contract with a health maintenance organization effectively compelled them to economize by providing substandard care, can survive independently of proof of medical malpractice (*cf. Pegram v Herdrich*, 530 US 211, 228-229, 235 [2000]). Accordingly, the Supreme Court erred in denying that branch of the appellants' motion which was to dismiss the fifth cause of action alleging so-called "capitation" negligence.

The issue of whether the plaintiff may offer proof that financial incentives influenced the appellants' exercise of medical judgment was not addressed in the order appealed from and thus is not properly before us (*see Katz v Katz*, 68 AD2d 536 [1979]). Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.