■ SHERAZ FARRUKH, an Infant, by His Mother and Natural Guardian, IFFAT FARRUKH, et al, Appellants, v BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent. [643 NYS2d 118] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), dated March 18, 1994, which, upon the granting of the branch of the defendant's motion pursuant to CPLR 4401 which was to dismiss the cause of action to recover damages for inadequate supervision, and upon a jury verdict in favor of the defendant on the remaining cause of action to recover damages for negligence, in effect dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, the branch of the defendant's motion pursuant to CPLR 4401 which was to dismiss the cause of action to recover damages for inadequate supervision is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The infant plaintiff, Sheraz Farrukh, who has Downs Syndrome, was injured when he was with his Special Education classmates and two teachers playing in the front of his school gymnasium. He walked after a ball that had rolled away and an unsecured wood platform that had been resting against the back wall of the gym fell on him. Sheraz and his mother commenced this action against the defendant, the Board of Education of the City of New York, to recover damages for inadequate supervision and negligence. A trial was conducted. At the close of the plaintiff's case, the Supreme Court granted the branch of the defendant's motion pursuant to CPLR 4401 which was to dismiss the cause of action to recover damages for inadequate supervision, and thereafter the jury reached a

verdict for the defendant on the cause of action to recover damages for negligence. On appeal, the plaintiffs argue that the jury verdict should be set aside and that the Supreme Court erred in dismissing the cause of action to recover damages for inadequate supervision.

"[A] jury verdict [may be set aside] and * * * a new trial [may be granted] when the jury's determination is palpably incorrect and a substantial injustice * * * done if the verdict were sustained" (*Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787, 789). A weight of the evidence analysis involves the discretionary balancing of many factors (*see, Finkel v Benoit,* 211 AD2d 749). The operative factor in a determination that the jury's verdict should be set aside is a finding that the jury could not have reached that verdict by any fair interpretation of the evidence (*see, Grassi v Ulrich,* 87 NY2d 954; *Nicastro v Park,* 113 AD2d 129, 133). On this record, the jury's finding that the defendant was not negligent was against the weight of the evidence.

Moreover, the court erred in dismissing the cause of action to recover damages for inadequate supervision as a matter of law. Under CPLR 4401, to be entitled to judgment as a matter of law, the defendant movant has the burden of showing that the plaintiff has not made out a prima facie case (*see, Nicholas v Reason,* 84 AD2d 915). The plaintiff's evidence must be accepted as true (*see,* Siegel, NY Prac § 402, at 606 [2d ed]), and the plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence presented at trial (*see, e.g., Pontiatowski v Baskin-Robbins,* 91 AD2d 1035). Guided by these principles, the court may grant the motion only if there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see, e.g., Pontiatowski v Baskin-Robbins, supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4401:4, at 407).

Thus, for the defendant to have been entitled to judgment as a matter of law on this cause of action, it was required to show that the plaintiffs had not made a prima facie case that it failed to exercise the degree of reasonable care that a parent of ordinary prudence would have exercised under comparable circumstances (*see, Ohman v Board of Educ.,* 300 NY 306; *Ceglia v Portledge School,* 187 AD2d 550). Proper supervision depends largely on the circumstances attending the event (*see, Ohman v Board of Educ., supra,* at 309). While a school is not the insurer of the safety of students, it will be held liable for a foreseeable injury proximately caused by the absence of supervision (*see, e.g., Cavello v Sherburne-Earlville Cent. School*

*Dist.,* 110 AD2d 253). The record established that the plaintiffs established a prima facie case of negligent supervision (*see, Rodriguez v Board of Educ.,* 104 AD2d 978). Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.