■ JOAN B. LYONS et al., Appellants, v JOSEPH A. McCAULEY, Respondent. [675 NYS2d 375] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Demarest, J.), entered May 1, 1997, which, upon the motion of the defendant for judgment as a matter of law made at the conclusion of the presentation of evidence at trial, dismissed the complaint for failure to make out a prima facie case.

Ordered that the judgment is affirmed, with costs.

To be entitled to judgment as a matter of law pursuant to

CPLR 4401, the defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff has not made out a prima facie case. The court may grant the motion only if there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see, Farrukh v Board of Educ.*, 227 AD2d 440). While the question of negligence is almost always a question of fact and a function for the jury (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507), the initial determination of whether the proof is sufficient to support such a finding is a question of law for the court (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499).

The elements of proof in an action to recover damages for medical malpractice are (1) deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage (*see, Prete v Rafla-Demetrious*, 224 AD2d 674). To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial factor in producing the injury (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308). Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause unless the matter is one which is within the experience and observation of the ordinary juror (*see, Koehler v Schwartz*, 48 NY2d 807). The consequence of failure to diagnose cancer is not a matter within the ordinary expertise of a lay person and requires expert testimony (*see, Fiore v Galang*, 64 NY2d 999).

The record contains sufficient evidence to support the conclusion that the defendant departed from good and accepted medical practice in failing to send cyst fluid for analysis and in failing to follow up after the plaintiff failed to keep several appointments. However, the trial court properly granted the defendant's motion to dismiss the action because there was no expert testimony causally linking the defendant's negligence with any delay in the diagnosis of her breast cancer or with any injury that was separate and apart from the underlying cancer. Mangano, P. J., Copertino, Joy and Florio, JJ., concur.