■ CHRISTINA PRESTIA, Appellant, v AMBRISH P. MATHUR, Respondent, et al., Defendants. [742 NYS2d 80] —In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Patterson, J.), dated November 1, 1999,

and (2) so much of an order of the same court, dated October 5, 2000, as granted the motion of the defendant Ambrish P. Mathur, M.D., pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's evidence and denied the plaintiff's cross motion for leave to enter judgment pursuant to CPLR article 50-A.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509; *People v Bramble,* 207 AD2d 407); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries she sustained as a result of the defendants' alleged malpractice in failing to perform a biopsy to determine the tissue type of a mass in her chest before performing surgery (median sternotomy) to remove the mass. She alleged that if the defendants had performed the biopsy before the surgery, they would have realized that she did not have a thymoma and instead had Hodgkin's lymphoma, which is treated by radiation therapy and not surgery. She claimed that she underwent unnecessary surgery and suffers physical and psychological pain due to the eight-inch scar in the middle of her chest.

At trial, the jury found that the defendant Ambrish P. Mathur was negligent in failing to perform the biopsy before surgery. Subsequently, the Supreme Court granted Dr. Mathur's motion for judgment as a matter of law and dismissed the complaint insofar as asserted against him.

The proper legal standard for deciding a motion pursuant to CPLR 4401 for judgment as a matter of law is "whether there was any rational basis on which a jury could have found for plaintiffs, the plaintiffs being entitled to every favorable inference which could reasonably be drawn from the evidence submitted by them" (*Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202). In a medical malpractice action, the plaintiff must establish that the defendant physician deviated or departed from good and accepted standards of medical practice and that the departure was the proximate cause of injury or damage (*see Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358; *Lyons v McCauley,* 252 AD2d 516).

The plaintiff's expert testified that according to accepted standards of medical practice, if the surgeon believes that he or she must differentiate between two diagnoses that are

equally likely, the surgeon should proceed with a biopsy. However, based on the clinical picture of the plaintiff, including the plaintiff's only symptom of sporadic chest pain, the results of the X-ray, CAT scan, and MRI, the opinion of other doctors, the lack of lymph node involvement, and the confinement of the mass to the thymus gland, Dr. Mathur reasonably believed that the tumor was very likely a thymoma and did not believe that Hodgkin's lymphoma was equally likely. Therefore, Dr. Mathur did not violate the standard of care set forth by the plaintiff's expert and the Supreme Court properly granted his motion pursuant to CPLR 4401 for judgment as a matter of law because there was no rational basis on which a jury could have found for the plaintiff. Smith, J.P., Adams and Townes, JJ., concur.

Friedmann, J., concurs in part and dissents in part, and votes to dismiss the appeal from the decision and modify the order dated October 5, 2000, by deleting the provision thereof granting the motion of the defendant Ambrish P. Mathur pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's evidence and substituting therefor a provision denying that motion. Upon viewing the evidence in the instant case in the light most favorable to the plaintiff, I cannot agree with the conclusion that "there is no rational process by which the fact trier could base a finding in favor of the [plaintiff]" (*Szczerbiak v Pilat,* 90 NY2d 553, 556; *see State Farm Ins. Co. v Amana Refrig.,* 266 AD2d 372; *cf. Cohen v Hallmark Cards,* 45 NY2d 493, 499 [holding that the standard of review in assessing a motion for judgment notwithstanding the verdict is whether there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial"]). Therefore, I respectfully concur in part and dissent in part, and would modify the order dated October 5, 2000, insofar as it granted the motion of the defendant Dr. Ambrish P. Mathur pursuant to CPLR 4401 for judgment for as a matter of law at the close of the plaintiff's evidence, and deny that motion.

In December 1994, the plaintiff, then 24 years old, went to her physician complaining of pain in her chest. The plaintiff underwent a chest X-ray, the results of which indicated, inter alia, that "Hodgkin's disease [could] not be excluded." Based on a subsequent MRI, the differential diagnosis was reported to "include * * * such entities as a thymoma," or a mass in her thymus gland. Thereafter, her physician referred her to Dr. Mathur, a thoracic surgeon, who saw the plaintiff in February

1995. Dr. Mathur conducted a physical examination and told the plaintiff that the thymoma should be surgically removed. The plaintiff received a second opinion from another thoracic surgeon, who recommended the same course of action.

Reluctant to undergo surgery, the plaintiff sought a third opinion, after which she spoke to Dr. Mathur about the possibility of performing a needle biopsy on the mass. However, Dr. Mathur informed her that a needle biopsy would not provide a large enough sample, and that if they were going to perform a biopsy requiring an incision, she should undergo surgery to have the entire mass removed. Thereafter, in March 1995, Dr. Mathur surgically removed the entire mass during a median sternotomy. This surgery, which was described at trial as "a major surgical procedure," caused the plaintiff to suffer "excruciating pain" during her recovery and resulted in a scar which is about one inch wide and "runs the entire length of [her] chest." Although the surgery was successful, pathological studies on the mass established that the plaintiff did not, in fact, have a thymoma, but rather, that she had Hodgkin's lymphoma, which is treated with radiation therapy rather than surgery.

In this action, the plaintiff essentially alleged, inter alia, that Dr. Mathur committed malpractice by failing to perform a biopsy to determine the tissue type of her mass, i.e., whether it was a thymoma or Hodgkin's lymphoma before surgically removing the mass, thereby subjecting her to unnecessary surgery.

At trial, Dr. James Norman Heller, the plaintiff's expert witness, testified that, in his opinion, Dr. Mathur departed from generally-accepted medical practice by failing to proceed with a biopsy to determine the nature of the mass in the plaintiff's chest. He further testified that Dr. Mathur departed from accepted medical practice by reaching a differential diagnosis which was limited to "a thymic tumor," rather reaching a differential diagnosis that included "with just as high a likelihood, the possibility of lymphoma, and other possible tumors" which are not treated by primary surgical excision. According to Dr. Heller, "[b]y failing to form a proper differential diagnosis in considering other entities besides a primary thymic tumor * * * Dr. Mathur then proceeded on a course of performing a median sternotomy with resection of the tumor, [which] was surgery that was not required. Instead, a biopsy should [have] been done first." Moreover, he testified, with a reasonable degree of medical certainty, that a biopsy performed on the plaintiff would have resulted in the diagnosis of Hodgkin's

lymphoma, which is not treated by surgical removal of the tumor. Therefore, had such a biopsy been performed, the median sternotomy would not have been performed.

As correctly stated by the majority, in order to establish a prima facie case of medical malpractice, a plaintiff must establish: "(1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage" (*Holton v Sprain Brook Manor Nursing Home,* 253 AD2d 852 [internal quotation marks omitted]). In the instant case, based on the testimony of Dr. Heller, I conclude that "there was sufficient proof adduced at trial to support a finding that [Dr. Mathur] had deviated from accepted standards of medical practice by * * * failing to perform [a biopsy on the mass in the plaintiff's chest] and thereby comprehend the true nature of the symptoms presented, and that such departure proximately caused the undertaking of an operation which should never have been recommended or undertaken" (*Lipsius v White,* 91 AD2d 271, 277-278; *see Cavlin v New York Med. Group,* 286 AD2d 469; *Connolly v Pastore,* 203 AD2d 412).