■ James Roseingrave, Appellant, v Massapequa General Hospital et al., Respondents. [751 NYS2d 218] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an amended judgment of the Supreme Court, Suffolk County (Gerard, J.), entered August 4, 2000, as (a) upon the granting of the separate motions of the defendants Morton H. Rothstein, Leonard A. Berlin, John Mark, and Judith Mark, pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against them for failure to establish a prima facie case, made at the close of the plaintiff's case, dismissed the complaint insofar as asserted against those defendants, (b) upon a jury verdict, is in favor of the defendants Massapequa General Hospital and Robert H. Mashioff, dismissing the complaint insofar as asserted against them, and (c) upon a jury verdict in his favor and against the defendant Lester J. Van Ess, and upon the denial of his motion to set aside the damages verdict as against the weight of the evidence, failed to award him special damages for medical expenses and lost earnings, and awarded him only the principal sum of $100,000 for past and future pain and suffering.

Ordered that the amended judgment is modified by deleting the provision thereof awarding the plaintiff damages in the principal sum of $100,000 for past and future pain and suffering, and the matter is remitted to the Supreme Court, Suffolk

County, for a new trial as to damages; as so modified, the amended judgment is affirmed insofar as appealed from, with costs to abide the event.

On January 9, 1992, the plaintiff, James Roseingrave, was admitted to Massapequa General Hospital suffering from severe chest and upper abdominal pain. One week later, on January 16, 1992, the defendant Dr. Lester Van Ess performed an exploratory laparotomy on the plaintiff to remove a bowel obstruction. During the course of this procedure, an approximately three-inch section of the plaintiff's small intestine was removed. However, shortly thereafter, the plaintiff's bowel again became obstructed, requiring a second surgery on January 31, 1992. In the course of the second operation, Dr. Van Ess removed three sections of the plaintiff's small intestine, totaling over four feet in length. While the plaintiff was in the hospital recovering from the two surgeries, a blockage in the ureter caused the functioning of his right kidney to deteriorate. On March 28, 1992, the defendant Dr. Robert Mashioff performed surgery to remove the blockage in the plaintiff's ureter. The third surgical procedure resulted in the removal of the plaintiff's right kidney.

The plaintiff subsequently commenced this medical malpractice action against the hospital and the two surgeons who operated on him, Dr. Van Ess and Dr. Mashioff. Dr. Leonard Berlin, who was the plaintiff's attending physician during his hospitalization, Drs. John Mark and Morton Rothstein, who assisted Dr. Van Ess during surgery, and Dr. Judith Mark were also named as defendants. At trial, the plaintiff claimed, inter alia, that Dr. Van Ess had committed malpractice by performing the first operation when his bowel was no longer obstructed, and by removing an excessive amount of his intestine during the second procedure. The plaintiff's theory of liability against the hospital was that a radiologist in its employ committed malpractice by failing to report that an x ray he reviewed one day prior to the first surgery indicated that the bowel obstruction had been relieved. In addition, the plaintiff alleged that Dr. Mashioff committed malpractice by failing to drain an accumulation of fluid from behind his kidney, and by removing a viable kidney.

At the close of the plaintiff's case, the trial court granted the separate motions of Drs. Berlin, Rothstein, John Mark, and Judith Mark for judgment as a matter of law on the ground that the plaintiff failed to establish a prima facie case. The jury subsequently returned a verdict finding that Dr. Van Ess had departed from good and accepted medical practice by removing

portions of the plaintiff's small intestine during the second operation on January 31, 1992. The jury rejected the plaintiff's remaining claims of malpractice against Dr. Van Ess, as well as his claims against Dr. Mashioff and the hospital. With respect to damages, the jury awarded the plaintiff $50,000 for past pain and suffering, and $50,000 for future pain and suffering. The plaintiff was not awarded any damages for lost earnings or medical expenses.

Contrary to the plaintiff's contention, the trial court properly granted the motions of four of the defendant physicians for judgment as a matter of law at the close of his case. To establish a prima facie case of liability in a medical malpractice action, the plaintiff must prove that the defendant physician deviated or departed from good and accepted standards of medical practice, and that the departure was the proximate cause of injury or damage (*see Prestia v Mathur,* 293 AD2d 729; *Berger v Becker,* 272 AD2d 565; *Perrone v Grover,* 272 AD2d 312). To sustain this burden, the plaintiff must present expert testimony that the defendant's conduct constituted a deviation from the requisite standard of care (*see Berger v Becker, supra; Perrone v Grover, supra*). Viewing the evidence in the light most favorable to the plaintiff and affording him the benefit of every favorable inference (*see* CPLR 4401; *Prestia v Mathur, supra*), we agree with the trial court's determination that the plaintiff did not establish a prima facie case against Drs. Berlin, Rothstein, John Mark, and Judith Mark. The plaintiff presented no expert testimony establishing that either his attending physician, Dr. Berlin, or Dr. Judith Mark, who played no direct role in his care, committed any departures from good and accepted medical practice. Moreover, while one of the plaintiff's expert witnesses claimed that Dr. John Mark departed from acceptable practice by assisting Dr. Van Ess in the first surgery because it was unnecessary, and that Dr. Rothstein departed from acceptable practice by assisting in the second surgery which resulted in the removal of a substantial portion of the plaintiff's small intestine, there was no evidence that these physicians exercised independent medical judgment (*see Walter v Betancourt,* 283 AD2d 223), or could have prevented the alleged departures committed by Dr. Van Ess (*see Dennis v St. Peter's Hosp.,* 163 AD2d 703; *Davidson v Conole,* 79 AD2d 43).

Furthermore, we reject the plaintiff's contention that the verdict in favor of Dr. Mashioff and the hospital is against the weight of the evidence. The standard to be applied on a challenge to a jury verdict in favor of a defendant is whether the

evidence so preponderates in the plaintiff's favor that the verdict could not have been reached upon any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129; *see also Cicalese v Caruana,* 274 AD2d 540). It was undisputed that the third surgery performed by Dr. Mashioff was medically necessary, but the jury was presented with conflicting expert testimony on the issue of whether he departed from accepted practice medical practice by removing a functioning kidney. There was also conflicting expert testimony as to whether the hospital radiologist departed from acceptable practice by failing to report that the plaintiff's bowel was not completely obstructed prior to the first surgery. According the jurors their proper deference as the finders of fact and the assessors of the credibility of witnesses, we find no basis to disturb their finding that the acts of Dr. Mashioff and the hospital did not constitute a departure from good and acceptable practices (*see Bobek v Crystal,* 291 AD2d 521; *Kaplan v Nadler,* 289 AD2d 454; *Arpino v Jovin C. Lombardo, P.C.,* 215 AD2d 614).

However, the trial court should have granted the plaintiff's motion to set aside the verdict on the issue of damages. The jury's determination that the plaintiff was not entitled to any damages for his past medical expenses or lost earnings was inconsistent with its finding that Dr. Van Ess was liable on the theory that he removed an excessive portion of the plaintiff's intestine during the second operation, and awarding the plaintiff damages for past and future pain and suffering. Moreover, while there was evidence from which the jury could have concluded that not all of the special damages claimed by the plaintiff arose from the removal of portions of his small intestine, the determination that he suffered no such damages is against the weight of the evidence (*see Hothan v Metropolitan Suburban Bus Auth.,* 289 AD2d 448). Furthermore, considering the fact that the liability issues during this lengthy trial were sharply contested, and that the jury's award for past and future pain and suffering was inexplicably low, it appears that the damages verdict may have been the result of an impermissible compromise (*see Califano v Automotive Rentals,* 293 AD2d 436; *Rivera v City of New York,* 253 AD2d 597; *Geisel v Flushing Hosp. & Med. Ctr.,* 70 AD2d 927). Under these circumstances, we remit the matter for a new trial on the issue of damages.

We note that during the course of the trial, a keenly disputed question of fact arose as to whether the plaintiff's cecum and ileocecal valve were removed during the second surgery. The

plaintiff's counsel wanted to show the jury x rays taken subsequent to the surgeries and admitted into evidence at trial during his summation, in support of his argument that those x rays did not show the ileocecal valve. The trial court permitted the plaintiff's counsel to contend in summation that "[n]one of the x-rays show" the ileocecal valve but would not permit counsel to show the jury the x rays, which had been marked by the experts.

It is well settled that counsel during summation may comment "upon every pertinent matter of fact bearing upon the questions the jury have to decide" (*Williams v Brooklyn El. R.R. Co.,* 126 NY 96, 102; *see People v Ashwal,* 39 NY2d 105, 109). The ruling of the trial court diminished counsel's efforts to argue the extent of the plaintiff's damages. Since there must be a new trial with respect to damages, we note that the plaintiff's counsel should be permitted to show the jury the x rays admitted into evidence at trial during his summation and comment on the markings of the experts (*see Classen v Ashkinazy,* 258 AD2d 863).

We have examined the plaintiff's remaining contentions, and find that they are either unpreserved for appellate review, without merit, or do not warrant a new liability trial. Krausman, J.P., Goldstein, McGinity and Adams, JJ., concur.