■ CONSTANCE BIGGS, Appellant, v MARY IMMACULATE HOSPITAL et al., Respondents, et al., Defendant. [758 NYS2d 83] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dollard, J.), entered January 8, 2002, which, upon the granting of the separate oral applications of the defendants Mary Immaculate Hospital and Catholic Medical Center of Brooklyn and Queens, Inc., the defendant Harshad Bhatt, and the defendant Jean Phillippe, pursuant to CPLR 4401 made at the close of the plaintiff's case, to dismiss the complaint for failure to establish a prima facie case, is in favor of those defendants and against her dismissing the complaint insofar as asserted against those defendants. Justice Schmidt has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff's decedent was treated at the respondent Mary Immaculate Hospital (hereinafter the hospital) for a fractured hip. The respondent Dr. Harshad Bhatt was the attending orthopedic surgeon, and the respondent Dr. Jean Phillippe was the attending internist. The decedent underwent an operation to repair her hip on September 7, 1993, and she was discharged from the hospital on September 21, 1993. On January 7, 1994, the decedent died of massive bleeding from esophageal varices. The decedent was 74 years old at the time of her death, and had been diagnosed with numerous health problems, including chronic liver disease, heart disease, Alzheimer's disease, and chronic gastritis.

The plaintiff commenced this medical malpractice action to recover damages for conscious pain and suffering and for wrongful death. At trial, the plaintiff's expert testified that the failure to evaluate, treat, or provide follow-up care for the decedent's liver disease were departures from good and acceptable medical practice and that, as a result, the decedent's liver disease was unchecked. At the end of the plaintiff's case, the Supreme Court dismissed the wrongful death claim for failure to adduce any proof of pecuniary loss. In addition, the Supreme Court granted judgment as a matter of law dismissing the complaint insofar as asserted against the respondents on the ground that the plaintiff failed to establish that their alleged negligence was the proximate cause of the decedent's death.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed her wrongful death claim. As conceded by the plaintiff's trial counsel, the plaintiff presented no evidence of any economic injury caused by the decedent's death (*see* EPTL 5-4.3 [a]; *Gonzalez v New York City Hous. Auth.,* 77 NY2d 663, 668 [1991]; *Erbstein v Savasatit,* 274 AD2d 445 [2000]; *Loehner v Simons,* 239 AD2d 468 [1997]).

The Supreme Court also properly dismissed the claim for medical malpractice insofar as the plaintiff sought to recover damages for conscious pain and suffering. To establish a prima facie case of liability in a medical malpractice action, the plaintiff must prove that the defendant physician departed from good and accepted standards of medical practice and that the departure was the proximate cause of the injury or damage (*see Roseingrave v Massapequa Gen. Hosp.,* 298 AD2d 377 [2002]; *Prestia v Mathur,* 293 AD2d 729 [2002], *lv denied* 99 NY2d 505 [2003]). The test upon a motion to dismiss at the close of the plaintiff's case is whether, granting the plaintiff every favorable inference from the evidence submitted, there was any rational basis on which a jury could have found for

the plaintiff (*see Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202 [1976]; CPLR 4401).

The autopsy report indicated that the decedent had advanced cirrhosis of the liver and that this was a longstanding condition. Although the plaintiff's expert testified that the respondents' departures from accepted standards of care left the decedent's liver disease untreated following her discharge from the hospital, the plaintiff failed to offer proof that the failure to treat the decedent's liver disease was a cause of her death. The plaintiff's expert testified that there were no medications which would reverse the damage to the decedent's liver, and, aside from a liver transplant, a patient with such chronic liver disease could be treated by improving her nutrition with vitamins, which might increase her life span. The plaintiff's expert did not testify that this vitamin therapy would have been an effective treatment for the decedent's esophageal varices and would have prevented the hemorrhage which caused her death. Accordingly, even assuming that the jury accepted the plaintiff's evidence that the respondents' treatment of the decedent departed from good and accepted standards of medical practice, there was no rational basis on which the jury could have found for the plaintiff on the issue of proximate cause, and the Supreme Court properly dismissed the complaint insofar as asserted against the respondents (*see Pace v Jakus,* 291 AD2d 436 [2002]; *Badola v Kampessis,* 279 AD2d 490 [2001]).

In view of our determination that the complaint was properly dismissed insofar as asserted against the respondents, we need not reach the parties' remaining contentions. Feuerstein, J.P., McGinity, H. Miller and Schmidt, JJ., concur.