■ AXIDES D. ROJAS, Appellant-Respondent, v MARSHA L. EPSTEIN, Respondent-Appellant. [757 NYS2d 769] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Weinberg, J.), dated January 18, 2002, as granted that branch of the defendant's motion pursuant to CPLR 4404 which was to set aside a jury verdict finding the plaintiff 65% at fault in the happening of the accident and the defendant 35% at fault, as against the weight of the evidence and granted a new trial, and (2) from an order of the same court entered April 22, 2002, which granted the defendant's motion, in effect, for reargument, adhered to the original determination granting that branch of the defendant's motion pursuant to CPLR 4404 which was to set aside the jury verdict as against the weight of the evidence and for a new trial, and, in effect, denied his cross application to reinstate the jury verdict, and the defendant cross-appeals from so much of (1) the order dated January 18, 2002, as denied that branch of her motion pursuant to CPLR 4404 which was for judgment as a matter of law, and (2) the order entered April 22, 2002, as, upon reargument, adhered to so much of the original determination as denied that branch of her motion pursuant to CPLR 4404 which was for judgment as a matter of law.

Ordered that the appeal and cross appeal from the order dated January 18, 2002, are dismissed, without costs or disbursements, as that order was superseded by the order entered April 22, 2002, made upon reargument; and it is further,

Ordered that the order entered April 22, 2002, is affirmed insofar as appealed and cross-appealed from, without costs and disbursements.

This appeal arises from an automobile accident wherein the defendant's car was struck by the plaintiff's vehicle as the defendant proceeded into the intersection of Sunrise Highway and Brookside Avenue in the Village of Freeport. The defendant testified that she was stopped in the right-hand lane of Brookside Avenue for a red signal, heading southbound. When the signal changed to green, she proceeded and was involved in the accident. The plaintiff testified that he was driving in the westbound right-hand lane of Sunrise Highway and, facing a yellow light, he sped up to cross under the yellow light. An independent eyewitness, who had been driving behind the defendant's vehicle, testified that the defendant entered the intersection after the light turned green and that the defendant's view of Sunrise Highway was obstructed by a minivan which was to the defendant's left.

The jury returned a verdict finding that the plaintiff was 65% at fault in the happening of the accident and that the defendant was 35% at fault. The defendant moved for judgment as a matter of law, or in the alternative, to set aside the verdict. The Supreme Court, inter alia, granted the motion to the extent of setting aside the verdict as against the weight of the evidence and granted a new trial. Upon reargument, the court adhered to its original determination. We affirm.

The Supreme Court properly denied that branch of the defendant's motion which was for judgment as a matter of law. Viewing the evidence in the light most favorable to the non-moving party, the jury could have found that the signal was yellow when the plaintiff entered the intersection (*cf. Szczerbiak v Pilat,* 90 NY2d 553 [1997]; *Lyons v McCauley,* 252 AD2d 516 [1998]). However, the Supreme Court properly set aside the verdict as against the weight of the evidence inasmuch as the jury could not have reached the verdict on the parties' respective liability by any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

The parties' remaining contentions are without merit. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.