■ ROBERT WHALEN, Appellant, v KIRK EUSON et al., Respondents. [760 NYS2d 688] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated January 31, 2002, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case but determined after the jury rendered its verdict on damages, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, and the complaint and the verdict are reinstated.

To be entitled to judgment as a matter of law pursuant to CPLR 4401, the defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff has not established a prima facie case. The Supreme Court may grant the motion only if there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Lyons v McCauley,* 252 AD2d 516 [1998]; *Farrukh v Board of Educ. of City of N.Y.,* 227 AD2d 440 [1996]). Here, we agree with the plaintiff that the evidence presented at trial in support of his case was sufficient as a matter of law to establish that he sustained a serious injury within the meaning of Insurance Law § 5102 (d), and thus, dismissal of the complaint was unwarranted (*see Manzano v O'Neil,* 98 NY2d 345, 353 [2002]; *Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). Moreover, when the evidence is viewed as a whole, it cannot be said that there was no rational process by which the jury could have found in favor of the plaintiff (*see Manzano v O'Neil, supra; Toure v Avis Rent A Car Sys., supra*). Furthermore, the verdict was not against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.