■ James W. Hanley, Appellant, v St. Charles Hospital and Rehabilitation Center, Defendant, and Harvey

SCHWARTZBERG et al., Respondents. [763 NYS2d 322] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered December 28, 2001, which, upon the granting of the motion of the defendants Sara Jane Johnson, Brook Moore, Rheumatology Associates of Long Island, and Suffolk Nephrology Consultants pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, and upon the granting of the renewed motion of the defendant Harvey Schwartzberg and the separate renewed motion of the defendant Morton L. Glaser pursuant to CPLR 4401 for judgment as a matter of law after the close of all evidence, is in favor of the defendants Sara Jane Johnson, Brook Moore, Rheumatology Associates of Long Island, Suffolk Nephrology Consultants, Harvey Schwartzberg, and Morton L. Glaser and against him, in effect, dismissing the complaint, and (2) a judgment of the same court entered January 14, 2002.

Ordered that the judgment entered January 14, 2002, is vacated; and it is further,

Ordered that the appeal from the judgment entered January 14, 2002, is dismissed as academic, in light of the vacatur of that judgment; and it is further,

Ordered that the judgment entered December 28, 2001, is modified, on the law, by deleting the provisions thereof which, upon the granting of the renewed motion of the defendant Harvey Schwartzberg and the separate renewed motion of the defendant Morton L. Glaser pursuant to CPLR 4401, are in favor of those defendants and against the plaintiff, in effect, dismissing the complaint insofar as asserted against those defendants; as so modified, the judgment is affirmed, the renewed motion of the defendant Harvey Schwartzberg and the separate renewed motion of the defendant Morton L. Glaser are denied, the complaint is reinstated insofar as asserted against the defendants Harvey Schwartzberg and Morton L. Glaser, a new trial is granted with respect to those defendants, with an award of disbursements on the appeal pursuant to CPLR 8301 (c) to abide the event, and the action against those defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the respondents Sara Jane Johnson, Brook Moore, Rheumatology Associates of Long Island, and Suffolk Nephrology Associates, payable by the plaintiff.

The judgment entered December 28, 2001, was in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The judgment entered January 14, 2002, must

be vacated because it was merely duplicative of the December 28, 2001, judgment (*see Kraut v New York City Tr. Auth.*, 301 AD2d 383 [2003]; *Johnson v Suffolk County Police Dept.*, 260 AD2d 441 [1999]).

On June 13, 1996, Patricia Anne Hanley, the plaintiff's decedent, presented at the emergency room at St. Charles Hospital and Rehabilitation Center (hereinafter the hospital) suffering from a persistent cough and shortness of breath. She was 28 years old and approximately five months pregnant. Mrs. Hanley was diagnosed with pneumonia and anemia, but, because she also complained of joint pain, she was admitted to the hospital for additional tests. She was hospitalized for two weeks and underwent numerous tests including a June 20, 1996, biopsy of a small ulcer found on her right shin, which was inconclusive for vasculitis, a possible cause of her symptoms. Mrs. Hanley appeared to be improving. However, on June 26, 1996, she developed petechiae on her left leg, which evolved into purpura, dark red or purple lesions caused by hemorrhage into the skin. In the early morning hours of June 27, 1996, Mrs. Hanley suffered a massive pulmonary hemorrhage. She was transferred to intensive care and, subsequently, to John T. Mather Hospital for plasmapheresis to treat what her doctors believed was Goodpasture's syndrome. At approximately 2:00 A.M. on June 28, 1996, Mrs. Hanley went into cardiorespiratory arrest due to the blood in her lungs and died. An autopsy revealed that Mrs. Hanley suffered from Henoch-Scholein Purpura (hereinafter HSP), a rare form of vasculitis characterized by the appearance of purpura on the skin.

The plaintiff subsequently commenced this medical malpractice and wrongful death action, individually and as administrator of his wife's estate, against the hospital and several of Mrs. Hanley's treating physicians, including Harvey Schwartzberg, an internist, Morton L. Glaser, a pulmonologist, Sara Jane Johnson, a rheumatologist, and Brook Moore, a nephrologist, as well as two medical groups, Rheumatology Associates of Long Island (hereinafter RALI), of which Dr. Johnson was a member, and Suffolk Nephrology Consultants (hereinafter SNC), of which Dr. Moore was a member. At some point the plaintiff discontinued his action against the hospital. At trial, the plaintiff claimed, among other things, that Mrs. Hanley's treating physicians had committed malpractice by failing to order a second biopsy of the shin ulcer when the first was inconclusive to affirmatively rule out vasculitis. The plaintiff's theory of liability against RALI and SNC was that the member

doctors were responsible for Mrs. Hanley's treatment as a group, and thus the group was responsible for the failure to properly diagnose Mrs. Hanley.

At the close of the plaintiff's case, the defendants moved for judgment as a matter of law on the ground that the plaintiff failed to establish a prima facie case. The trial court granted the motion of Dr. Johnson, Dr. Moore, RALI, and SNC, but reserved decision as to Drs. Schwartzberg and Glaser. Ultimately, the jury was unable to reach a verdict, and the court granted the separate renewed motions of Dr. Schwartzberg and Dr. Glaser for a directed verdict.

To establish liability in a medical malpractice action, a plaintiff must prove that the defendant deviated from good and accepted standards of medical practice, and that the departure was the proximate cause of the injury (*see Prestia v Mathur,* 293 AD2d 729 [2002]; *Berger v Becker,* 272 AD2d 565 [2000]; *Perrone v Grover,* 272 AD2d 312 [2000]). Viewing the evidence in the light most favorable to the plaintiff and affording him every favorable inference which may be drawn from the evidence (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Prestia v Mathur, supra*), rational jurors could have found for the plaintiff against the defendants Schwartzberg and Glaser. Consequently, the trial court should not have granted the renewed motions pursuant to CPLR 4401 of these defendant physicians.

The plaintiff's expert testified that it was a departure from good and accepted medical practice not to "redo" the biopsy of Mrs. Hanley's shin ulcer, in order to affirmatively rule out vasculitis, and that an earlier diagnosis of HSP would have given Mrs. Hanley a substantially "better chance" of survival. Based on the testimony of the plaintiff's expert, rational jurors could conclude that the failure of the defendants Dr. Schwartzberg and Dr. Glaser to perform a second biopsy of Mrs. Hanley's shin ulcer was negligent, and resulted in the delay in diagnosing and treating HSP, which was a proximate cause of her death. Accordingly, a new trial is granted with respect to these defendants.

As to the defendants Johnson and Moore, we agree with the Supreme Court that since they were on vacation when the results of the first biopsy were available on June 21, 1996, they cannot be held liable for the failure to order another biopsy. Moreover, we reject the plaintiff's contention that these doctors and their medical groups can be held liable for "global errors" without testimony from his expert that there was a specific departure from medical standards by the physicians in RALI

or SNC that proximately caused Mrs. Hanley's death. Altman, J.P., Luciano, Adams and Rivera, JJ., concur.