■ YOLANDA VELEZ, Appellant, v STEVEN GOLDENBERG et al., Respondents. [815 NYS2d 205]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered July 28, 2004, which, after a jury trial, and upon the granting of the defendants' motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case, made at the close of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Perry Milman; as so modified, the judgment is affirmed, with one bill of costs payable to the plaintiff by the defendant Perry Milman and one bill of costs payable by the plaintiff to the defendant Steven Goldenberg, that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant Perry Milman is denied, the complaint is reinstated against that defendant and severed, and the matter is remitted to the Supreme Court, Queens County, for a new trial as to the defendant Perry Milman.

To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (*see Wong v Tang*, 2 AD3d 840 [2003]; *Lyons v McCauley*, 252 AD2d 516, 516-517 [1998]; *see also Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference which can reasonably be drawn from the evidence presented at trial (*see Wong v Tang, supra; Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]). Here, the evidence was such that a reasonable juror could have concluded that the manner in which the defendant Perry Milman performed the surgical procedure, or his decision to perform the procedure at all, constituted a departure from the applicable standards of medical care, and that either of those departures proximately caused the plaintiff's injuries (*see generally Wong v Tang, supra; Hanley v St. Charles Hosp. & Rehabilitation Ctr.*, 307 AD2d 274, 277 [2003]; *Minelli v Good Samaritan Hosp.*, 213 AD2d 705, 706-707 [1995]).

The Supreme Court also erred in granting Milman's motion with respect to the plaintiff's claim based on lack of informed consent. The gravamen of the plaintiff's claim in this regard is that Milman performed endoscopic retrograde cholangiopancreatography (hereinafter ERCP) and a sphincterotomy to remove gallstones without identifying reasonable alternatives to those procedures, such as a cholangiogram, in which a flexible tube is inserted into the abdomen in order to view the gallbladder, and a laparoscopic cholecystectomy, in which the entire gallbladder is surgically removed. Milman testified that, in his opinion, it would have been malpractice to perform a laparoscopic cholecystectomy on the plaintiff without first performing an ERCP. Although Milman also testified that it is his usual practice to inform the patient of all alternatives to the procedure he intended to perform, it is fair to infer from this testimony that Milman did not inform the plaintiff of any alternative to an ERCP and sphincterotomy. The expert medical evidence adduced at trial as to the propriety of the laparoscopic cholecystectomy, however, provided a sufficient basis upon which a reasonable juror could have concluded that, despite the plaintiff's signature indicating her consent to an ERCP and sphincterotomy, Milman did not provide her with sufficient information as to the available alternatives to those procedures that her consent can be said to have been informed (*see Eppel v Fredericks*, 203 AD2d 152, 153 [1994]).

The Supreme Court properly dismissed the complaint insofar

as asserted against the defendant Steven Goldenberg, however. There was no evidence that Goldenberg exercised independent medical judgment in the treatment of the plaintiff, or should have prevented the alleged departures committed by Milman (*see Soto v Andaz*, 8 AD3d 470, 471 [2004]; *Roseingrave v Massapequa Gen. Hosp.*, 298 AD2d 377, 379 [2002]; *Beard v Brunswick Hosp. Ctr.*, 220 AD2d 550, 551 [1995]). Accordingly, the Supreme Court properly granted that branch of the motion pursuant to CPLR 4401 which was to dismiss the complaint for failure to establish a prima facie case insofar as asserted against Goldenberg, made at the close of the plaintiff's case. Florio, J.P., Spolzino, Fisher and Lunn, JJ., concur.