◼ KEITH DURKIN, Appellant, v LONG ISLAND POWER AUTHORITY, Respondent. [830 NYS2d 242]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals (1) from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated April 20,

2005, which, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action based on Labor Law § 240 (1) made at the close of evidence, and upon a jury verdict, is in favor of the defendant and against him, dismissing the complaint, and (2) from an order of the same court dated May 18, 2005, which denied that branch of his motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The Supreme Court properly denied the plaintiff's cross motion for summary judgment on the cause of action based on Labor Law § 240 (1). Triable issues of fact existed as to whether the subject ladder shifted or otherwise provided the plaintiff's decedent with improper protection, and, if so, whether the ladder shifted as a subsequent effect or a preceding cause of the decedent's fall (*see Costello v Hapco Realty*, 305 AD2d 445 [2003]). In addition, the defendant's submissions in opposition to the motion were sufficient to raise a triable issue of fact as to whether the decedent's actions were the sole proximate cause of his death (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Palacios v Lake Carmel Fire Dept., Inc.*, 15 AD3d 461, 462-463 [2005]; *Mangione v Smith*, 301 AD2d 635, 636 [2003]; *Allen v Village of Farmingdale*, 282 AD2d 485, 486 [2001]).

Moreover, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action based on Labor Law § 240 (1) made at the close of evidence. To be awarded judgment as a matter of law pursuant to CPLR 4401, the moving party has the burden of showing that there is no rational process by which the jury could find in the nonmoving party's favor (*see Velez v Goldenberg*, 29 AD3d 780 [2006]; *Wong v Tang*, 2 AD3d 840 [2003]; *Lyons v McCauley*, 252 AD2d 516, 516-517 [1998]; *see also Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The nonmoving party's evidence must be accepted as true, and the nonmoving party is entitled to every favorable inference which can reasonably be drawn from the evidence presented at trial (*see Wong v Tang, supra; Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]). Here, a reasonable jury could have concluded that the decedent's actions, and not a statutory violation, were the sole proximate cause of his death, and that liability under Labor Law § 240 (1) did not attach (*see Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998]).

There is no merit to the plaintiff's remaining contention that

the verdict should have been set aside based upon the trial court declining to give a charge consistent with *Noseworthy v City of New York* (298 NY 76 [1948]; *see Kuravskaya v Samjo Realty Corp.*, 281 AD2d 518 [2001]). Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.