■ BARBARA ELIOPOULOS, Respondent, v HEALTHCHECK, INC., et al., Defendants, and HUDSON VALLEY RADIOLOGY ASSOCIATES, PLLC, et al., Appellants. [857 NYS2d 686]—In an action to recover damages for medical malpractice, the defendants Hudson Valley Radiology Associates, PLLC, and Roger Frey appeal from an order of the Supreme Court, Rockland County (Alessandro, J.), entered July 26, 2006, which denied their motion, inter alia, denominated as one for leave to renew their prior motion for a mistrial which was granted in an order of the same court dated June 26, 2006, but which was, in actuality, for leave to reargue, or, in the alternative, for judgment as a matter of law pursuant to CPLR 4401.

Ordered that the appeal from so much of the order entered July 26, 2006, as denied that branch of the appellants' motion which was denominated as one for leave to renew but which was, in actuality, for leave to reargue, is dismissed, as no appeal lies from an order denying reargument (*see Warner v Carter,* 21 AD3d 483 [2005]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court correctly denied that branch of the appellants' motion which was for judgment as a matter of law. To establish liability in a medical malpractice action, a plaintiff must prove that the defendant deviated from good and accepted standards of medical practice, and that the departure was the proximate cause of the injury (*see Hanley v St. Charles Hosp. &*

*Rehabilitation Ctr.*, 307 AD2d 274 [2003]; *Prestia v Mathur*, 293 AD2d 729 [2002]; *Berger v Becker*, 272 AD2d 565 [2000]). Viewing the evidence in the light most favorable to the plaintiff, and affording her every favorable inference which may be drawn from the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Prestia v Mathur*, 293 AD2d 729 [2002]), rational jurors could conclude that the appellants departed from good and accepted standards of medical practice.

The appellants' remaining contentions are without merit. Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.