■ JAMES MAGRIPLES, Respondent, v COREY TEKELCH, Appellant, et al., Defendant. [861 NYS2d 752]—

In an action, inter alia, to recover damages for malicious prosecution, the defendant Corey Tekelch appeals (1), as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated June 19, 2007, as failed to determine that branch of the defendants' motion which was for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court (Rothenberg, J.), dated September 27, 2007, as denied that branch of the defendants' motion which was, in effect, for leave to reargue.

Ordered that the appeals are dismissed, without costs or disbursements.

The plaintiff alleged that the defendants maliciously filed a false complaint with the police asserting that he menaced the defendant Corey Tekelch with a baseball bat. Before any of the parties were deposed, the defendants moved, inter alia, for summary judgment dismissing the complaint and for dismissal of the complaint based on alleged discovery violations. The Supreme Court decided only that branch of the motion as related to the alleged discovery violations. Thus, that branch of the motion which was for summary judgment dismissing the complaint remains pending and undecided in the Supreme Court and the appellant's contentions regarding it are not properly before us (see *Wheels Am. N.Y., Ltd v Montalvo,* 50 AD3d 1130 [2008]; *Hawkins-Bond v Konefsky,* 48 AD3d 417 [2008]; *Beyel v Console,* 25 AD3d 636, 637 [2006]; *1-10 Indus. Assoc. v Trim Corp. of Am.,* 297 AD2d 630 [2002]; *Katz v Katz,* 68 AD2d 536 [1979]).

The appeal from the order dated September 27, 2007 must be dismissed because the appellant's contentions on the appeal from that order relate only to the denial of that branch of the defendants' motion which was, in effect, for leave to reargue. The denial of a motion for leave to reargue is not appealable (see *Cordero v Mirecle Cab Corp.,* 51 AD3d 707 [2008]; *Eliopoulos v Healthcheck, Inc.,* 51 AD3d 622 [2008]; *Navarette v Alexiades,*

50 AD3d 873 [2008]). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.