■ DONNA BRYAN, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL, Defendant, and JAMES B. HURWITZ, Respondent. [864 NYS2d 466]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Levine, J.), dated June 8, 2006, as, upon granting that branch of the motion of the defendant James B. Hurwitz which was pursuant to CPLR 4401 for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for medical malpractice which allegedly occurred during the subject surgery insofar as asserted against that defendant, made at the close of the plaintiff's case, is in favor of that defendant and against her, in effect, dismissing so much of the complaint as sought to recover damages for medical malpractice which allegedly occurred during the subject surgery insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the motion of the defendant James B. Hurwitz which was pursuant to CPLR 4401 for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for medical malpractice which allegedly occurred during the subject surgery insofar as asserted against him is denied, that portion of the complaint is reinstated, the action against the defendant Staten Island University Hospital is severed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the reinstated portion of the complaint, with costs to abide the event.

To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant movant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff has not made out a prima facie case (*see generally Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]; *Lyons v McCauley*, 252 AD2d 516, 516-517 [1998]; *Hughes v New York Hosp.-Cornell Med. Ctr.*, 195 AD2d 442, 443 [1993]; *Colozzo v LoVece*, 144 AD2d 617, 618 [1988]). The evidence presented by the plaintiff at trial must be accepted as

true and is entitled to every favorable inference that can be reasonably drawn therefrom (see *Borawski v Huang*, 34 AD3d 409 [2006]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]). Thus, the court may grant the motion only if there is no rational process by which the jury can find for the plaintiff against the moving defendant (see *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]).

In a medical malpractice action, the plaintiff must prove that the defendant physician departed from good and accepted standards of medical practice and that the departure was the proximate cause of the injury or damage (see generally *Biggs v Mary Immaculate Hosp.*, 303 AD2d 702, 703 [2003]). Generally, expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause (see *Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831 [2005]; *Berger v Becker*, 272 AD2d 565 [2000]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]; see also *Koehler v Schwartz*, 48 NY2d 807, 808 [1979]).

Here, the plaintiff proffered expert testimony that during the subject hernia operation performed by and under the supervision of the defendant James B. Hurwitz (hereinafter the defendant), the defendant departed from good and accepted medical practice by mishandling the plaintiff's ilioinguinal nerve thereby causing damage to the nerve. The evidence was such that a reasonable juror could have concluded that the manner in which the defendant handled the nerve during the hernia operation constituted a departure from the applicable standards of medical care, and that such departure proximately caused the plaintiff's injuries (see *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]; *Wong v Tang*, 2 AD3d 840 [2003]; *Hanley v St. Charles Hosp. & Rehabilitation Ctr.*, 307 AD2d 274, 277 [2003]; *Minelli v Good Samaritan Hosp.*, 213 AD2d 705, 706-707 [1995]). Thus, viewing the evidence in the light most favorable to the plaintiff (cf. *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; see generally *Eliopoulos v Healthcheck, Inc.*, 51 AD3d 622 [2008]), and according it every favorable inference that can be reasonably drawn therefrom, it cannot be said that there was no rational process by which the jury could find for the plaintiff against the defendant (see *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]).

Accordingly, the Supreme Court should not have granted that branch of the defendant's motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for medical malpractice allegedly occurring during the hernia operation insofar as asserted against the defendant.

The parties' remaining contentions need not be reached in light of our determination. Skelos, J.P., Ritter, Florio and Carni, JJ., concur.