In an action to recover damages for medical malpractice, etc., the plaintiff appeals, on the ground of inadequacy, from an amended judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 18, 2009, which, upon a jury verdict awarding him the principal sums of $5,000,000 for his decedent’s conscious pain and suffering and $3,000,000 for his loss of the decedent’s services, and upon an order of the same court entered April 23, 2009, granting the motion of the defendant Binda N. Batheja, as administrator of the estate of Narain Batheja, in effect, to vacate a judgment of the same court dated February 18, 2009, in favor of him and against that defendant in the total sum of $8,765,527.62, and for leave to amend her answer to plead the affirmative defense of setoff as provided by General Obligations Law § 15-108, is in favor of him and against that defendant in the principal sum of only $6,807,485.76, reflecting a setoff in the principal sum of $1,750,000 as a consequence of *971 his prior settlement of the causes of action asserted against the defendants Phelps Memorial Hospital and Joseph Carbone, and the defendant Binda N. Batheja, as administrator of the estate of Narain Batheja, cross-appeals from the same judgment which, upon a jury verdict in the issue of liability finding her decedent 100% at fault in the happening of the incident and the defendants Phelps Memorial Hospital and Joseph Carbone 0% at fault in the happening of the incident, upon the jury verdict on the issue of damages, upon an order of the same court dated February 2, 2009, denying her motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as unsupported by legally sufficient evidence and for judgment as a matter of law or, in the alternative, to set aside the jury verdict oh the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside the jury verdict on the issue of damages for past pain and suffering and loss of services as excessive, and upon the allocation of the entire amount of the plaintiffs, settlement with the defendants Phelps Memorial Hospital and Joseph Carbone to the reduction of the award for the plaintiffs loss of services from $3,000,000 to $1,250,000, is in favor of the plaintiff and against her in the principal sum of $6,807,485.76.
Ordered that the appeal is dismissed as academic in light of our determination on the cross appeal; and it is further,
Ordered that the amended judgment is reversed on the cross appeal, on the law, on the facts, and in the exercise of discretion, with costs, those branches of the motion of the defendant Binda N. Batheja, as administrator of the estate of Narain Batheja, which were to set aside, as excessive, the jury verdict on the issues of damages for the decedent’s conscious pain and suffering and loss of services are granted, the order dated February 2, 2009, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issues of damages for the decedent’s conscious pain and suffering and loss of services only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the damages for the decedent’s conscious pain and suffering from the principal sum of $5,000,000 to the principal sum of $2,500,000, and the damages for loss of services from the principal sum of $3,000,000 to the principal sum of $500,000, and to the further reduction of the total award of damages, as so reduced, by the sum of $1,750,000, reflecting the plaintiffs settlement with the defendants Phelps Memorial *972 Hospital and Joseph Carbone, to first be applied to the loss of services award, with the remainder to be deducted from the award for the decedent’s conscious pain and suffering, and to the entry thereafter of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the amended judgment, as so reduced and further reduced and amended, is affirmed, without costs or disbursements.
The plaintiff’s decedent, Edith Schaffer (hereinafter Mrs. Schaffer), to whom the plaintiff was married for 40 years, was treated for various medical problems by Dr. Narain Batheja (hereinafter Dr. Batheja), the decedent of the defendant Binda N. Batheja, as administrator of the estate of Narain Batheja (hereinafter the cross-appellant), as well as by the defendants Phelps Memorial Hospital and Dr. Joseph Carbone (hereinafter together the settling defendants). As a result of errors made during that treatment, she subsequently lapsed into a coma and died approximately four years later. At the trial, the jury found that Dr. Batheja was 100% at fault in his treatment of Mrs. Schaffer, but that the settling defendants were not at fault.
The evidence was legally sufficient to support the jury’s finding that Dr. Batheja departed from accepted medical practice, and that the departure was a proximate cause of Mrs. Schaffer’s injuries (see Hanley v St. Charles Hosp. & Rehabilitation Ctr., 307 AD2d 274 [2003]; Biggs v Mary Immaculate Hosp., 303 AD2d 702 [2003]). Moreover, the liability verdict against Dr. Batheja was not contrary to the weight of the evidence (see Harris v Marlow, 18 AD3d 608 [2005]; Nicastro v Park, 113 AD2d 129 [1985]).
The plaintiff met his burden of proving that Mrs. Schaffer had some level of awareness after being injured (see McDougald v Garber, 73 NY2d 246, 255 [1989]). Nevertheless, the cross-appellant correctly contends that the awards for Mrs. Schaffer’s conscious pain and suffering in the principal sum of $5,000,000 and loss of services in the principal sum of $3,000,000 were excessive, as they deviated materially from what would be reasonable compensation (see CPLR 5501 [c]). Under the circumstances, since Mrs. Schaffer was only sporadically aware of her condition while she remained in a nursing home for slightly more than four years, there was only limited proof as to the value of the services actually rendered by her to the plaintiff during the marriage, and the marriage lasted 40 years, we find that an award of $2,500,000 for Mrs. Schaffer’s past pain and suffering and $500,000 for the plaintiff’s loss of services would not deviate materially from what would be reasonable compensation.
*973 In light of the plaintiffs failure to demonstrate prejudice or surprise, the Supreme Court providently exercised its discretion in granting that branch of the cross-appellant’s motion which was, in effect, to vacate the initial judgment upon a special verdict, improperly entered by the clerk without direction from the Supreme Court (see CPLR 5016 [b]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]), and in granting that branch of the cross-appellant’s motion which was for leave to amend her answer to plead the affirmative defense of setoff, as provided by General Obligations Law § 15-108 (see CPLR 3025 [b]; Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288 [1998]; McCaskey, Davies & Assoc, v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983]; Fahey v County of Ontario, 44 NY2d 934, 935 [1978]).
There is no reason to disturb the Supreme Court’s determination to allocate the proceeds from the plaintiffs prior settlement with the settling defendants in the sum of $1,750,000 to the plaintiffs claim for loss of services. Application of the first $500,000 of the $1,750,000 settlement to the reduced award of $500,000 for the loss of services claim leaves $1,250,000 of that settlement to be deducted from the reduced award of $2,500,000 for the claim for Mrs. Schaffer’s conscious pain and suffering, leaving the cross-appellant liable for the sum of $1,250,000 on the claim for conscious pain and suffering. That sum, together with the award of $557,485.76 for medical expenses, yields the principal sum of $1,807,485.76 as the total amount to be paid to the plaintiff by the cross-appellant if the plaintiff so stipulates as indicated.
The parties’ remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.