■ TANYA M. ORR et al., Appellants, v BARRY A. MEISEL, Respondent, et al., Defendant. [669 NYS2d 664] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by the parties' stipulation dated August 4, 1997, from (1) so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered May 29, 1996, as granted the motion of the defendant Barry A. Meisel for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court, entered September 27, 1996, which denied their motion for reargument.

Ordered that the appeal from the order entered September 27, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered May 29, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly granted the motion of the defendant Barry A. Meisel for summary judgment dismissing the complaint insofar as asserted against him. Meisel's motion was supported by, *inter alia*, expert medical evidence establishing his prima facie entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Specifically, Meisel's expert offered his medical opinion that Meisel's conduct in performing a laparoscopic procedure to remove an ovarian cyst comported with good and accepted medical practice under the circumstances presented.

In opposition to the motion, the plaintiffs did not submit the medical affidavit of an expert, but rather relied principally on an attorney's affirmation. It is well settled that "[i]n medical malpractice actions expert medical opinion evidence is required to demonstrate merit, except as to matters within the ordinary experience and knowledge of laypersons" (*Moseberg v Elahi,* 80 NY2d 941, 942; *Treinis v Deepdale Gen. Hosp.,* 173 AD2d 605, 607). Further, and contrary to the plaintiffs' contentions, none

of the additional materials submitted in opposition to the motion, including the deposition testimony of a physician employed by the defendant Ethicon Endo-Surgery, raised material issues of fact with respect to the claim that the defendant Meisel's conduct proximately caused the injuries of the plaintiff Tanya M. Orr.

Lastly, the plaintiffs have failed to raise a triable issue of fact with respect to their claim that the doctrine of res ipsa loquitur applies in this case (*see, Kasendorf v Hempstead Gen. Hosp.,* 240 AD2d 370; *cf., Kambat v St. Francis Hosp.,* 89 NY2d 489). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur. ·