■ JOHN M. ZAK, Respondent, v BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, Appellant. [863 NYS2d 821]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 17, 2007, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2) an interlocutory judgment of the same court dated July 2, 2007, which, upon the order, is in favor of the plaintiff and against the defendant on the issue of liability.

Ordered that the appeal from the order is dismissed, as it was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the interlocutory judgment is reversed, on the law, the plaintiff's motion for summary judgment on the issue of liability is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff's decedent Anna D. Awe was admitted to the defendant Brookhaven Memorial Hospital Medical Center (hereinafter the hospital) with complaints of abdominal pain and was treated for, among other things, gastrointestinal bleeding. The decedent remained in the hospital and, about one month later, after the decedent was administered heparin without a physician's order, she experienced further gastrointestinal bleeding, declined in health, and eventually died as an inpatient. The plaintiff, as executor of the decedent's estate, alleges that as a result of the hospital's negligence, the decedent was disabled, incurred expenses, experienced extreme mental and physical pain, and sustained injury and damage to her person prior to death.

In order "[t]o establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that

the breach of the standard was the proximate cause of the injury" (*Berger v Becker*, 272 AD2d 565, 565 [2000]; *see Nichols v Stamer*, 49 AD3d 832, 833 [2008]; *see also Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482 [2004]). The plaintiff is required to show that the alleged deviation was a "substantial factor in producing the injury" (*Lyons v McCauley*, 252 AD2d 516, 517 [1998]). "Expert testimony is necessary to . . . establish proximate cause unless the matter is one which is within the experience and observation of the ordinary juror" (*Lyons v McCauley*, 252 AD2d at 517; *cf. Fiore v Galang*, 64 NY2d 999, 1001 [1985]).

In support of his motion for summary judgment on the issue of liability, the plaintiff submitted, inter alia, the affidavit of a registered nurse. Although the registered nurse was qualified to establish that the allegedly negligent administration of heparin without a physician's order was a departure from acceptable standards of good nursing care, she was not qualified to opine that said departure was a substantial factor in causing any injury separate and apart from the decedent's underlying condition (*see Abalola v Flower Hosp.*, 44 AD3d 522 [2007]; *Elliot v Long Is. Home, Ltd.*, 12 AD3d at 482; *Mills v Moriarty*, 302 AD2d 436, 436-437 [2003]; *Lyons v McCauley*, 252 AD2d at 517; *cf. Glasgow v Chou*, 33 AD3d 959, 962 [2006]). The plaintiff's other submissions, including hospital records and deposition testimony, were also insufficient to establish a causal link between the hospital's alleged breach of duty and the decedent's deterioration and eventual death (*see Orr v Meisel*, 248 AD2d 451, 451-452 [1998]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.