■ MARIAN ARKIN, Appellant, v SYBIL RESNICK et al., Defendants, and PIOTR DUMICZ et al., Respondents. [890 NYS2d 95]—

On February 1, 2000 61-year-old Carol Abel (hereinafter the decedent) was admitted to Winthrop University Hospital following an automobile accident. At the time of her admission, the decedent suffered from several preexisting medical conditions, including gait and speech disorders from a stroke approximately two months before. Injuries to her face from the accident compromised her airway, and she was connected to a ventilator via endotracheal tube, with a plan to remove her from the ventilator on February 2, 2000. At about 11:00 P.M. on February 2, 2000 the decedent pulled out the endotracheal tube but was found, upon examination, to be comfortable and breathing normally. Medical personnel applied an oxygen mask and continued to monitor the oxygen saturation level in her blood. At about 2:00 A.M. on February 3, 2000 the decedent showed signs of respiratory distress, and she was again intubated and placed on the ventilator. Notations in the medical record thereafter on February 3, 2000 indicated that the decedent was responding to commands and appeared to be moving all her extremities. On February 4, 2000 the decedent could follow only some commands and was unable to move her right side. Gradually thereafter, the decedent lapsed into a vegetative state and died in 2003.

In this action, the decedent's executor (hereinafter the plaintiff) alleges, inter alia, that the respondents Dr. Colleen Willet, Keri-Ann Kiernan, R.N., and their employer Winthrop University Hospital (hereinafter collectively the respondents) departed from good and accepted standards of medical practice in their actions and omissions on the night of February 2, 2000 to February 3, 2000, proximately causing the decedent to sustain brain damage. The respondents and other defendants (hereinafter collectively the movants) moved, among other things, for summary judgment dismissing the complaint insofar as asserted against the respondents. The motion papers included a document by their medical expert Dr. Alan Mensch that was labeled as an "affirmation," but was prefaced with a statement that he had been "duly sworn." However, the document did not have either a jurat or a statement pursuant to CPLR 2106 that Dr. Mensch affirmed the statement to be true under the penalties of perjury. By order dated December 30, 2007, the Supreme Court denied the motion on the ground that the affirmation did not comply with CPLR 2106 or 2309, and thus, the movants failed to proffer evidence in admissible form. In support of their

motion, in effect, for leave to renew, the movants submitted a substantively identical affirmation with the proper language required by CPLR 2106. By order dated June 9, 2008, the court, upon renewal, granted the motion for summary judgment dismissing the complaint as to the movants, and on July 22, 2008, entered judgment thereon.

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in granting the motion for leave to renew, allowing the movants the opportunity to correct their inadvertent mistake by submitting an identical affirmation in the proper form (*see* CPLR 2201, 2221 [e]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 391 [2008]; *Acosta v Rubin*, 2 AD3d 657, 658 [2003]; *DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]; *Baluchinsky v General Motors Corp.*, 248 AD2d 574, 575 [1998]). In support of their motion for summary judgment, the movants had the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563 [2009]; *Murray v Hirsch*, 58 AD3d 701, 702 [2009]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Williams v Sahay*, 12 AD3d 366, 368 [2004]). The Supreme Court properly held, in a portion of the ruling not contested by the plaintiff, that the movants made a prima facie showing that the respondents were entitled to judgment as a matter of law. The expert opinion of Dr. Mensch that the respondents had not departed from good and accepted medical practice and that the decedent's injuries were not proximately caused by the respondents' acts or omissions was supported by the medical records and deposition testimony.

After the respondents made a prima facie showing of entitlement to judgment as a matter of law, the burden shifted to the plaintiff "to show by sufficient evidentiary proof the existence of a triable factual issue" (*Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Behar v Coren*, 21 AD3d 1045, 1046 [2005]). A physician's affidavit in opposition to a summary judgment motion must attest to the departure from accepted practice and must contain an opinion that the challenged acts or omissions were a competent producing cause of the injury (*see Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d 431, 433 [2009]; *Vera v Soohoo*, 41 AD3d 586, 587 [2007]; *Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical

malpractice are insufficient to defeat a motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d at 565; *Rebozo v Wilen*, 41 AD3d at 458; *Thompson v Orner*, 36 AD3d at 792). The plaintiff's expert is required to show that the alleged departure was a substantial factor in producing the injury (*see Zak v Brookhaven Mem. Hosp. Med. Ctr.*, 54 AD3d 852, 853 [2008]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]).

The Supreme Court properly determined that the opinion of the plaintiff's unnamed expert with respect to proximate cause was conclusory. The plaintiff's expert failed to address the evidence cited by Dr. Mensch that the decedent did not exhibit symptoms of anoxic brain damage on the day after the reintubation and further ignored evidence in the medical records regarding a previously undetected injury that appeared on a CT scan of the decedent's head taken on February 4, 2000 that was suggestive of either a nonhemorrhagic contusion from the automobile accident or a cerebral artery infarct (*see Zak v Brookhaven Mem. Hosp. Med. Ctr.*, 54 AD3d at 853). The plaintiff's expert failed to link the decedent's injuries to any departure from accepted practice which occurred on the night of February 2, 2000 to February 3, 2000 in relation to the decedent's episode of respiratory distress, and thus, failed to raise a triable issue of fact on the issue of proximate cause sufficient to defeat the motion (*see Murray v Hirsch*, 58 AD3d at 703; *Myers v Ferrara*, 56 AD3d 78, 85 [2008]; *Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.