■ Angela McKenzie, Appellant, v John Abrahams et al., Respondents. [899 NYS2d 290]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBella, J.), entered October 7, 2009, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that the branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleges that the defendants' malpractice in connection with the surgery of September 15, 2006, required the plaintiff to undergo a second surgery on October 29, 2006, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant surgeon, by his own admission, departed from the accepted standard of care when he inadvertently operated on the wrong spinal disc, thereby necessitating a second surgery to correct the error. The plaintiff alleged that this departure resulted in both the unnecessary second surgery and her ongoing back injuries, including her need for a third surgery to perform a spinal fusion.

To establish liability in a medical malpractice action, a plaintiff must prove a departure from the accepted standard of medical care and that such departure was a proximate cause of the plaintiff's injuries (*see Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563 [2009]). The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged that the defendant surgeon's error caused her to undergo an otherwise unnecessary second surgery and, in opposition, the defendants failed to raise a triable issue of fact. However, because the plaintiff failed to include in her initial moving papers expert medical opinion evidence demonstrating that the defendant's error also caused her need for a third surgery and her ongoing injuries, she failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability on that portion of the complaint (*see Fischer v Edward M. Weiland M.D., P.C.*, 241 AD2d 439 [1997]; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560 [1992]). Contrary to the plaintiff's assertions, such evidence was required, as the question of whether her third surgery and other ongoing back problems resulted from the defendant surgeon's admitted error is not "one which is within the experience and observation of the ordinary [factfinder]" (*Zak v Brookhaven Mem. Hosp. Med. Ctr.*, 54 AD3d 852, 853 [2008] [internal quotation marks omitted]; *see Lyons v McCauley*, 252 AD2d 516, 517

[1998]; *Orr v Meisel*, 248 AD2d 451 [1998]). Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.