■ Ida Melnik-Mirzakhan, Appellant, v Michael Tavdy et al., Respondents. [923 NYS2d 335]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated December 10, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's father, the decedent Alexander Mirzoyan (hereinafter the decedent), was a patient of the defendant Michael Tavdy, a doctor specializing in internal medicine, who was a member of the defendant Kings County Medical Doctor Care, P.C. (hereinafter together the defendants). On August 11, 2006, the decedent died of colon cancer. Shortly before his death, the decedent had commenced this action against the defendants to recover damages for medical malpractice. After his death, the plaintiff was substituted in his place. The complaint alleged, inter alia, that between January 2004 and February 2006, the defendants failed to adequately refer the decedent for colon cancer screening tests, which resulted in their failure to diagnose him with cancer and his ultimate death. Following discovery, the defendants moved for summary judgment dismissing the complaint, asserting that they had repeatedly recommended to the decedent colon cancer screening tests and gastrointestinal consultations, but that the decedent had refused them, and that, in any event, any alleged departure on their part did not proximately cause the decedent's injury and death. In opposition, the plaintiff contended that the decedent's mental state was such that the defendants should have told his family about his refusal to undergo colon cancer screening tests and that, in any event, the defendants should have performed the less invasive stool occult blood test. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

The defendants met their prima facie burden of establishing the absence of any departure from good and accepted medical practice (*see Arkin v Resnick*, 68 AD3d 692, 694 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Stukas v Streiter*, 83 AD3d 18 [2011]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.