OPINION OF THE COURT
Glen T. Bruening, J.
Claimant James Henderson commenced this personal injury *639 action seeking damages sustained based on defendant’s alleged dental malpractice in extracting six decayed teeth from claimant on March 5, 2008, while claimant was an inmate at the Eastern Correctional Facility under the supervision of the Department of Correctional Services (DOCS).[1] Claimant moves this court for an order “of arbitration[ ] pursuant to section 7503” (claimant’s notice of motion, filed Oct. 11, 2011). In support of his motion, claimant submits an affidavit in which he references both summary judgment pursuant to CPLR 3212 and a default judgment pursuant to CPLR 3215 (see claimant’s aff in support of motion for summary judgment, sworn to on Oct. 4, 2011). Defendant opposes claimant’s motion, contending that it has “never agreed to submit this matter to arbitration” (aff of Joan Matalavage, Esq., filed Oct. 25, 2011) and that, to the extent that claimant’s motion is one seeking summary judgment, it should be denied based on claimant’s failure to support his motion with either an affidavit supporting why he is entitled to summary judgment and a medical affidavit outlining how the alleged malpractice occurred.
Preliminarily, while not raised by defendant, the court recognizes that the instant application raises a jurisdictional question — whether the Court of Claims can grant equitable relief to claimant by compelling arbitration in this otherwise jurisdiction-ally valid personal injury action. “As a court of limited jurisdiction, the Court of Claims has no jurisdiction to grant strictly equitable relief’ (Madura v State of New York, 12 AD3d 759, 760 [3d Dept 2004] [citations omitted]). While the Court of Appeals has clearly acknowledged that “[fincidental monetary relief has long been permitted in article 78 proceedings commenced in Supreme Court in a variety of administrative contexts” (Matter of Gross v Perales, 72 NY2d 231, 237 [1988]), it has declined to unequivocally acknowledge the Court of Claims’ jurisdiction over equitable relief incidental to a claim for money damages against the State. In Psaty v Duryea (282 App Div 94 [3d Dept 1953]), plaintiffs — the low bidders on a contract for the construction of a public building — commenced an action in Supreme Court against state officers in their official capacity seeking, among other things, rescission of their bid and the return of their bid deposit. Upon a decision of the Official Referee, Supreme Court awarded judgment for plaintiffs. The Ap *640 pellate Division, Third Department reversed, holding that the Supreme Court lacked jurisdiction to grant such equitable relief and that plaintiffs’ remedy, if any, was in the Court of Claims. In so finding, the Appellate Division stated that
“sections 8, 9 and 12 of the Court of Claims Act confer very broad jurisdiction upon the Court of Claims to hear and determine all claims against the State, and we think this broad grant of power necessarily implies the right to afford equitable relief where the same may be incidental to a claim for a money judgment” (id. at 99).
While the Court of Appeals affirmed, it did not adopt the Appellate Division’s broad statement regarding Court of Claims’ jurisdiction. Rather, the Court of Appeals stated, “[w]e need not determine the full reach of that statement of law, since appellants’ contentions are defeated by the fact that this is a suit against the State itself attempted to be brought in the Supreme Court and, as such, subject to dismissal” (Psaty v Duryea, 306 NY 413, 417 [1954]). Indeed, the Psaty Court never ruled on the extent of the Court of Claims’ jurisdiction. Rather, it stated only:
“We may assume that, in determining claims for money damages against the State, the Court of Claims may apply equitable considerations and perhaps, to some extent, may grant some sort of incidental equitable relief, but that concept has nothing to do with this case since this, in essence and by concession, is not a suit for money damages but, primarily, an equitable action to cancel and rescind a bid which equitable relief, as plaintiffs concede, was essential before there could be any injunction or mandate for the return of the money” (id. [emphasis added]).
A number of Appellate Division decisions have applied the reasoning of the Psaty Court in evolving a workable test for determining subject matter jurisdiction in the Court of Claims:
“[a]s that court has no jurisdiction to grant strictly equitable relief, but may grant incidental equitable relief so long as the primary claim seeks to recover money damages in appropriation, contract or tort cases, the threshold question is [w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim” (City of New York v State of New York, *641 46 AD3d 1168, 1169 [3d Dept 2007], lv denied 10 NY3d 705 [2008] [internal quotation marks and citations omitted]).
That question must be answered by the “facts and issues presented” in each individual case (Matter of Gross v Perales, 72 NY2d at 236). Vesting the Court of Claims with subject matter jurisdiction over equitable relief that is incidental to an otherwise jurisdictionally valid claim seeking monetary damages is a logical interpretation of the Court of Appeals decision in Psaty v Duryea (306 NY at 417), and has the beneficial effect of reducing the burden on both the courts and litigators insofar as a claimant would otherwise be required to commence an action in Supreme Court to obtain equitable relief incidental to a claim for money damages during the pendency of litigation in the Court of Claims (see e.g. Matter of Gross v Perales, 72 NY2d at 237).
Here, the underlying claim seeks money damages that, upon proper proof, are recoverable in the Court of Claims. However, the equitable relief sought by claimant’s application — to compel arbitration of his claim pursuant to CPLR article 75 — is fundamentally inconsistent with his pending claim because it would effectively remove his claim from this court. Because the court finds that claimant’s application is not incidental to his claim for money damages, the court concludes that it lacks the subject matter jurisdiction to grant such equitable relief. But, even if the court had the jurisdiction to compel arbitration in this personal injury action, claimant’s application would be denied on the merits for the reasons stated below.
“On motions to stay or to compel arbitration there are three threshold questions to be resolved by the courts: whether the parties made a valid agreement to arbitrate, whether if such an agreement was made it has been complied with, and whether the claim sought to be arbitrated would be barred by limitation of time had it been asserted in a court of the State” (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 6-7 [1980]; see CPLR 7503 [a]).[2]
If the court concludes that the parties have not entered into an *642 agreement to arbitrate, the application to compel arbitration will be denied (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d at 7). Here, there is no evidence of an agreement to arbitrate between claimant and the State. Thus, claimant’s motion seeking to compel arbitration is denied. To the extent that claimant references CPLR 3212 in his affidavit, the court finds that claimant has failed to establish his prima facie entitlement to summary judgment based on the absence of proof of a departure from the accepted standard of medical care and that such departure was a proximate cause of the injuries claimed (see McKenzie v Abrahams, 72 AD3d 758, 759 [2d Dept 2010]; Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [3d Dept 2001]).
Finally, since there is no evidence of a default by defendant in this action (see CPLR 3215 [a], [f]), claimant is not entitled to a default judgment against defendant.[3]
Accordingly, claimant’s motion (M-80550) is denied.

. The Department of Correctional Services is now known as the Department of Corrections and Community Supervision. Inasmuch as the claim relates to acts that occurred prior to the name change, this decision will refer to the executive agency by its former name.

. The court notes that certain statutes provide for mandatory arbitration to resolve certain disputes (see e.g. Insurance Law §§ 5105 [b]; 5221 [b] [6]; Workers’ Compensation Law § 29 [1-a]). Here, there is no evidence that arbitration of this matter is compelled by statute.

. Counsel for defendant states that claimant served two claims on the Attorney General — one on February 11, 2009 and one on July 28, 2009. Both documents assert medical malpractice resulting from the March 5, 2008 surgical procedure. The claim served on the Attorney General on February 11, 2009 was also filed with the court. Defendant filed with this court answers to both claims.