Preciado v Ravins (2021 NY Slip Op 00441)





Preciado v Ravins


2021 NY Slip Op 00441


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-12888
 (Index No. 702070/15)

[*1]Rommy Preciado, appellant, 
v
Claudia Ravins, etc., respondent, et al., defendants.


Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Wagner, Doman, Leto & DiLeo, P.C., Mineola, NY (Joyce Lipton of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered September 28, 2017. The order granted the motion of the defendant Claudia Ravins for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Claudia Ravins for summary judgment dismissing the complaint insofar as asserted against her is denied.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice relating to a surgery allegedly performed on the wrong site by the defendant Claudia Ravins (hereinafter the defendant). The plaintiff alleged that instead of removing an abscess on her leg, the defendant operated on her left Bartholin area, resulting in physical and psychological injury. The complaint asserted causes of action sounding in medical malpractice, lack of informed consent, and battery against the defendant.
The defendant moved for summary judgment dismissing the complaint insofar as asserted against her. In an order entered September 28, 2017, the Supreme Court granted the motion. The plaintiff appeals.
In support of her motion for summary judgment, the defendant submitted a transcript of the plaintiff's deposition testimony, wherein the plaintiff claimed that the proposed surgery was to remove an abscess in her leg, and, instead, the defendant removed a cyst from her Bartholin gland. Therefore, the defendant's own submissions failed "to eliminate any material issues of fact" as to whether the defendant operated on the wrong site and whether that operation proximately caused the plaintiff's alleged damages (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Khosrova v Westermann, 109 AD3d 965, 966; McKenzie v Abrahams, 72 AD3d 758, 759; Salandy v Bryk, 55 AD3d 147, 154-155).
As to the lack of informed consent cause of action, the deposition testimony of the plaintiff and the defendant and the generic consent form signed by the plaintiff presented triable [*2]issues of fact as to whether the defendant informed the plaintiff about the procedure, the alternatives thereto, and the reasonably foreseeable risks and benefits of the proposed treatment and the alternatives (see Chan v Toothsavers Dental Care, Inc., 125 AD3d 712, 714). "[T]he fact that the plaintiff signed a consent form does not establish [the defendant's] entitlement to judgment as a matter of law" where, as here, the form was generic, and beyond a barebones handwritten notation of the areas of the body, "Left Bartholin/Left Inguinal Abscess," "did not contain any details about the operation" (Walker v St. Vincent Catholic Med. Ctrs., 114 AD3d 669, 670-671). The consent form does not even indicate the procedure to be performed, but merely lists an area of the body, "Left Bartholin," and a condition, "Left Inguinal Abscess."
As to the battery cause of action, the defendant's own submissions also failed "to eliminate any material issues of fact" (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853) as to whether her operating on the plaintiff's left Bartholin area was a "bodily contact, made with intent, and offensive in nature" (Cerilli v Kezis, 16 AD3d 363, 364).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court