Lee v South Nassau Communities Hosp. (2024 NY Slip Op 04953)

Lee v South Nassau Communities Hosp.

2024 NY Slip Op 04953

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-07509
 (Index No. 604568/16)

[*1]Gail Robinson Lee, respondent, 
v
South Nassau Communities Hospital, appellant.

Fullerton Beck LLP, White Plains, NY (Edward J. Guardaro, Jr., and Brandon Berkowski of counsel), for appellant.
Frederick K. Brewington (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered August 19, 2022. The order denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred or, in the alternative, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In June 2016, the plaintiff commenced this action against the defendant, South Nassau Communities Hospital, inter alia, to recover damages for injuries she alleged she sustained when she was treated by the defendant in February 2014. The plaintiff alleged, among other things, that, during her hospital admission in February 2014, she received insulin injections daily via an insulin pen and that, after she was released, she received a letter from the defendant dated February 22, 2014, informing her that there was a possibility that an insulin pen with a reused reservoir was used in her care.
The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred or, in the alternative, for summary judgment dismissing the complaint. The plaintiff opposed. In an order entered August 19, 2022, the Supreme Court denied the motion. The defendant appeals. We affirm.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Haddad v Muir, 215 AD3d 641, 642). "As part of this burden, a defendant is required to establish when the cause of action accrued" (Costello v Curan & Ahlers, LLP, 224 AD3d 734, 736). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Baltzer v Westchester Med. Ctr., 209 AD3d 815, 817 [internal quotation marks omitted]). "In considering [a] motion [pursuant to CPLR 3211(a)(5)], a court must take the allegations in the complaint as true and resolve all inferences in favor of the [*2]plaintiff" (Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843, 844 [internal quotation marks omitted]).
As is relevant here, "[a]ctions asserting causes of action alleging medical malpractice and lack of informed consent must be commenced within two years and six months of the act, omission or failure complained of" (Hall v Bolognese, 210 AD3d 958, 961 [internal quotation marks omitted]).
Here, accepting the allegations in the complaint as true and resolving all inferences in favor of the plaintiff, the defendant failed to show, prima facie, that the action was commenced outside of the requisite statute of limitations period, and thus, the burden did not shift to the plaintiff to raise a question of fact as to whether the action was timely commenced (see Sabadie v Burke, 47 AD3d 913, 914; Panish v Panish, 24 AD3d 642, 643).
Thus, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
The Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see McHale v Sweet, 217 AD3d 666, 667). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). "[A] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 635 [internal quotation marks omitted]).
In support of its motion, the defendant submitted a transcript of the plaintiff's deposition testimony wherein she testified that in February 2014, she was administered insulin via an insulin pen that may have contained a reused reservoir and potentially exposed her to various diseases. Therefore, the defendant's own submissions failed to eliminate a triable issue of fact as to whether the defendant used an insulin pen with a reused reservoir in the plaintiff's treatment and care (see George v Plotnitskiy, 222 AD3d 730, 731; see also Preciado v Ravins, 190 AD3d 991, 992). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The defendant's remaining contention is improperly raised for the first time on appeal.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court